**SCHUBERT JONCKHEER & KOLBE LLP**
ROBERT C. SCHUBERT (S.B.N. 62684)
rschubert@sjk.law
AMBER L. SCHUBERT (S.B.N. 278696)
aschubert@sjk.law
DANIEL L.M. PULGRAM (S.B.N. 354569)
dpulgram@sjk.law
2001 Union Street, Suite 200
San Francisco, California 94123
Telephone: (415) 788-4220

**TYCKO & ZAVAREEI LLP**
SABITA J. SONEJI (S.B.N. 224262)
ssoneji@tzlegal.com
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

**TYCKO & ZAVAREEI LLP**
DAVID A. MCGEE (*pro hac vice*)
dmcgee@tzlegal.com
2000 Pennsylvania Avenue NW,
Suite 1010
Washington, DC 20006
Telephone: (202) 973-0900

*Attorneys for Plaintiff*

ROSEMARIE T. RING, SBN 220769
 rring@gibsondunn.com
JOSEPH R. ROSE, SBN 27902
 jrose@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:  415.801.7358

KAHN A. SCOLNICK, SBN 228686
 kscolnick@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.6652

JOSH A. KREVITT, SBN 208552
 jkrevitt@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:  650.849.5300
Facsimile:  650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
 osnyder@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.2400
Facsimile:  212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN KELLER, *individually and on behalf of his business,* KELLER HOLDINGS LLC (DBA SecureSight), *and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., *a Delaware corporation, and* MATTHEW CHARLES MULLENWEG, *an individual,*<br><br>Defendants. | Case No. 3:25-cv-01892-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:** May 29, 2025<br>**Time:** 9:30AM<br>**Judge:** Honorable Araceli Martínez-Olguín |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Local Rule 16-9, the Court's Order Setting Initial Case Management Conference and Deadlines, and this Court's Standing Orders, Plaintiff Ryan Keller ("Plaintiff") and Defendants Automattic Inc. and Matthew Charles Mullenweg ("Defendants") respectfully submit the following joint case management report and proposed schedules.

## I. JURISDICTION AND SERVICE

Plaintiff's Statement. Plaintiff alleges that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy, Plaintiff alleges, exclusive of costs and interest, exceeds the sum of $5 million in the aggregate. In total, Plaintiff alleges, there are well over 100 members of the proposed Class that are known to exist. Complete diversity exists between at least one plaintiff—Mr. Keller, a citizen of Ohio—and one defendant—Automattic, Inc., headquartered in, and therefore a citizen of, California.

Defendants' Statement. Subject matter jurisdiction is proper because this Court has jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C § 1332(d)(2). Defendants do not challenge personal jurisdiction or venue.

## II. FACTUAL AND LEGAL ISSUES

Plaintiff's Statement. Plaintiff brings this action on behalf of similarly situated purchasers of WP Engine's products and services, and in particular, WP Engine's WordPress Web Hosting Plans. Plaintiff alleges that Defendants deliberately interfered with Plaintiff's contract with WP Engine by cutting off WP Engine's access to WordPress's technology, software, Plugins, and other tools. This ensured that WP Engine could not fully fulfill its contractual obligations to Plaintiff or the putative class for website hosting and related services, or if WP Engine could find a workaround to the block of access, it made performance of WP Engine's contracts with its customers more expensive and difficult. Plaintiff further alleges that Defendants' conduct violated the California Unfair Competition Law.

The principal factual issues in this action include, but are not limited to: (1) whether Defendants intentionally interfered with Plaintiff and class members contracts with WP Engine, (2) whether Defendants intentionally interfered with Plaintiff and class members prospective

economic relations, (3) whether Defendants conduct violated the California Unfair Competition Law, (4) the duration of Defendants' shut off of WP Engine's access to the WordPress ecosystem, (5) to what extent each Defendant engaged in conduct to intentionally interfere with WP Engine's contracts with its users, interfered with their prospective economic relations, and engaged in conduct violating the California Unfair Competition law.

The principal legal issues will include, among others, (1) whether Defendants intentionally interfered with Plaintiff and the class's contracts with WP Engine, (2) whether Defendants intentionally interfered with Plaintiff and the class's prospective economic relations, (3) whether Defendants' conduct violated the California Unfair Competition law, (4) whether Plaintiff can proceed on a class-wide basis; and (5) whether Plaintiff or putative Class Members are entitled to actual damages, restitution, or other damages, and/or any other relief, as to any of his/their claims.

<u>Defendants' Statement.</u>  Defendants deny that Plaintiff is entitled to any relief. Defendant Automattic Inc. and its CEO, Defendant Matthew Mullenweg, are key contributors to and stewards of the WordPress ecosystem, an open-source content management system on which millions of websites globally rely. The WordPress software is free and open-source, and no user—including Plaintiff—has paid Defendants for use of the software distributed via WordPress.org. This action stems from a commercial dispute between Defendants and WPEngine, Inc. ("WPE"), a web hosting company that uses WordPress software to help its customers set up and run their websites. In response to WPE's misuse and subsequent refusal to address trademark concerns, Defendants adjusted WPE's access to WordPress.org's central plugin and update repository.  Plaintiff Ryan Keller claims that his business was affected by Defendants temporarily blocking WPE's access to WordPress.org. <u>However,</u> Plaintiff maintains the same contractual relationship with WPE; his business is operational; his website continues to function; and he receives access to WPE's services.  Nevertheless, Plaintiff claims this temporary access restriction amounted to: (1) intentional interference with contractual relations, (2) intentional interference with prospective economic relations, and (3) a violation of California's Unfair Competition Law.

Defendants dispute that (1) Plaintiff experienced an actual breach or disruption of a prospective economic relationship or contract; (2) Defendants knew of any such relationship or

contract or the terms of any contract at issue; (3) Plaintiff suffered any harm; (4) Plaintiff had cognizable prospective economic relationships; (5) Plaintiff has standing to bring a UCL claim; and (6) Plaintiff can obtain equitable relief under the UCL. Defendants have raised and intend to raise other legal and factual issues, including that a class cannot be certified.

### III.     MOTIONS

<u>Parties' Joint Statement</u>. As of filing this case management statement, Defendant's motion to dismiss Plaintiff's complaint is pending with the Court. However, as noted below in Section IV, and in Plaintiff's May 19 filing (Dkt. 28), Plaintiff will be filing an amended complaint on or before May 27, 2025, which will moot the pending motion to dismiss.

<u>Plaintiff's Statement</u>. Plaintiff expects to file a motion for class certification.

<u>Defendants' Statement</u>. Defendants anticipate they may move for summary judgment if Plaintiff survives the pleading stage. Defendants also reserve all rights to bring other motions, including a motion to stay discovery and other discovery and administrative motions.

### IV.     AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES

<u>Plaintiff's Statement</u>.  Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff will be filing a First Amended Complaint as a matter of right on or before May 27, 2025 to address the alleged deficiencies that Defendants identified in their motion to dismiss and to add an additional named Plaintiff. Plaintiff reserves his right to seek leave to file further amendments as necessary and appropriate.

<u>Defendants' Statement.</u> Given the fatal deficiencies in Plaintiff's complaint, including the absence of plausible allegations of harm, intent or disruption of a contract or prospective economic relationship, leave to amend would be futile and should not be permitted.  Defendants believe it is premature to set a deadline for amended pleadings until the Court has ruled on the viability of Plaintiff's forthcoming First Amended Complaint, to which Defendants anticipate filing another motion to dismiss because many of the defects in the initial Complaint are not curable.

### V.     EVIDENCE PRESERVATION

<u>Parties' Joint Statement</u>. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred

pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VI.    INITIAL DISCLOSURES

<u>Parties' Joint Statement</u>. The Parties have exchanged initial disclosures.

## VII.    DISCOVERY

### a. Status of Discovery

<u>Parties' Joint Statement</u>. No formal discovery has been conducted to date and the Parties are meeting and conferring on a proposed discovery schedule.

### b. Scope of Discovery

<u>Plaintiff's Statement</u>. Plaintiff anticipates seeking documents and written discovery from Defendants related to their dispute with WP Engine, when and how Defendants decided to limit WP Engine's access to the WordPress ecosystem, Defendants' knowledge of how their actions would impact WP Engine and WP Engine's clients, to what extent Defendants' actions were undertaken by Automatic, Inc. or Matthew Charles Mullenweg, Defendants' public statements related to Word Press Engine, Defendants' dispute with WP Engine, and any actions Defendants' planned or took related to their dispute.

After reviewing these documents, Plaintiff intends to identify fact witnesses who were employed by Defendant Automatic with knowledge of the dispute with WP Engine, Defendants' actions with respect to WP Engine, and the impact Defendants' actions would have on Plaintiff and the putative class members. Plaintiff will likely depose a corporate witness of Defendant Automatic regarding these issues in advance of moving for class certification.

Additionally, Plaintiff intends to serve a subpoena on WP Engine requesting the production of relevant documents related to the dispute, as well as information about the services provided to Plaintiff and Class Members relevant to calculating classwide damages.

<u>Defendants' Statement</u>: If this case proceeds to discovery, the following is a non-exhaustive list of subjects about which Defendants currently plan to seek discovery from Plaintiff:

- Plaintiff's communications, if any, with Defendant and/or WPE;

- Plaintiff's communications about the services provided by Defendant and/or WPE, web hosting services, and WordPress offerings;
- Plaintiff's contracts, if any, with WPE and any contracts with his customers relevant to his claims;
- Plaintiff's allegations of service disruptions, and Plaintiff's response to such anticipated or actual disruption;
- Plaintiff's current and historical business records as relevant to his claims;
- Plaintiff's alleged damages, including all forms of injury for which Plaintiff seeks compensation; Plaintiff's efforts, if any, to mitigate damages; and the extent to which Plaintiff's alleged injuries can be traced to Defendants;
- Any discovery in Plaintiff's possession relevant to class certification;
- Any additional topics Defendants subsequently identify as relevant.

Defendants also anticipate seeking discovery from one or more third parties, including WPE and customers of WPE and/or Plaintiff.

Defendants reserve all rights to expand upon these subject areas as the case progresses. Defendants reserve all rights to object to Plaintiff's efforts to seek discovery into the above matters.

### c. Limitations or Modifications of the Discovery Rules

<u>Parties' Joint Statement</u>. The Parties do not currently propose any changes to the limitations on discovery, the Federal Rules of Civil Procedure, or Local Rules. The Parties reserve their rights to seek further modifications to limits on discovery.

### d. Protective Order

<u>Parties' Joint Statement</u>. The Parties anticipate submitting a stipulated protective order regarding the confidentiality and protection of discovery in this action.

### e. Electronic Discovery

<u>Parties' Joint Statement</u>. The Parties agreed to meet and confer regarding an ESI protocol.

  **f. Issues about Claims of Privilege (Fed. R. Civ. P. 26(f)(3)(D))**

<u>Parties' Joint Statement</u>. The Parties propose that any inadvertent disclosure of privileged material will be governed by Federal Rule of Procedure 26(B)(5)(B) and the terms of the protective order to be agreed upon by the Parties.

  **g. Discovery Issues and Potential Disputes**

<u>Parties' Joint Statement</u>. There are no discovery issues or disputes at this time.

**VIII. CLASS ACTIONS**

<u>Plaintiff's Statement</u>. Plaintiff intends to file a motion for class certification. Plaintiff seeks to represent the following class: all persons in the United States who had ongoing active WP Engine WordPress Web Hosting Plans on or before September 24, 2024 through December 10, 2024. Plaintiff reserves the right to amend the class definition as this action progresses.

This action is properly maintained as a class action under Fed. R. Civ. P. 23(a) and (b) because:

- *Numerosity.* Members of the Class are so numerous that joinder is impracticable. The Class consists of at least thousands of members, and Plaintiffs will seek discovery of the exact number of members through third-party discovery.

- *Commonality.* There are questions of law and fact common to the Class including, but not limited to: (i) whether Defendants had implied contracts with Plaintiffs and the putative class; (ii) Whether Defendants intended to interfere in the relationship between WP Engine and Plaintiff and the putative class; (iii) whether Defendants actually interfered in the relationship between WP Engine and the putative class, (iv) whether Defendants engaged in independently wrongful conduct, (v) Whether Defendants' actions constitute unfair competition, and (vi) whether Plaintiff and putative class members are entitled to actual, statutory, or other forms of damages and other monetary relief.

- *Typicality.* Plaintiff's claims are typical of the members of the Class. Plaintiffs

and all members of the putative class are WP Engine customers who purchased Web Hosting Plans from WP Engine. Defendants' conduct gave rise to the claims of Plaintiff and all members of the Class.

- *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class because he has no interests antagonistic to, or in conflict with, the Class he seeks to represent. Furthermore, Plaintiff has retained counsel experienced and competent in the prosecution of complex class action litigation.

- *Predominance.* The common questions outlined above predominate over any individual questions because Defendants have acted or refused to act on grounds generally applicable to the Class.

- *Superiority.* It is impracticable to bring putative class members' individual claims before the Court. Class treatment permits a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. Additionally, Plaintiff knows of no difficulty to be encountered in this action that would preclude its maintenance as a class action.

Defendants' Statement. Defendants oppose class action status for multiple reasons. First, Defendants deny that Plaintiff's claims may be maintained as a class action. Among other reasons, the nature of Plaintiff's claims and alleged damages, which by their nature are highly individualized and thus cannot be resolved on a classwide basis. Individualized factual issues will predominate over common ones. Moreover, putative class members may be subject to conflicting state laws.

## IX. RELATED CASES

Parties' Joint Statement. The parties are currently unaware of any related cases involving the same parties. However, there is another action, *WPEngine, Inc. v. Automattic, Inc. et al.*, Case No. 3:24-cv-06917, currently pending before this Court, and the facts and parties in that case are related to Plaintiff's action.

## X. RELIEF

Plaintiff's Statement. Plaintiff seeks an order certifying the proposed class and an order awarding all possible relief that could be granted, including actual damages, restitution, pre- and post-judgment interest, the cost of the suit herein, attorneys' fees, and full restitution and damages in the amount equal to the total fees Plaintiff and the Proposed Class paid to WP Engine during the time Defendants severed WP Engine from the WordPress ecosystem. Plaintiff has not yet performed a computation of damages in this case and will obtain documents during discovery to do so.

Defendants' Statement. Defendants are not seeking damages or other relief and maintain that Plaintiff and the putative class are not entitled to relief of any kind. Should Defendants prevail in this action, they reserve the right to seek all appropriate remedies, including their attorneys' fees.

## XI. SETTLEMENT AND ADR

Plaintiff's Statement. No settlement discussions have occurred at this time. Plaintiff filed Plaintiff's ADR Certification by Parties and Counsel pursuant to ADR L.R. 3-5 on May 1, 2025. Plaintiff is willing to participate in alternative dispute resolution and believes that participating in ADR after sufficient discovery has been conducted may be fruitful.

Defendants' Statement. Defendants do not believe settlement discussion would be productive at this stage but remain open to such discussions at an appropriate time.

## XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Parties' Joint Statement. The Parties do not consent to a Magistrate Judge to conduct all further proceedings, including for trial and entry of judgment.

### XIII. OTHER REFERENCES

<u>Parties' Joint Statement</u>. At present, the Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

### XIV. NARROWING OF ISSUES

<u>Plaintiff's Statement</u>. At present, Plaintiff is not aware of any issues that can be narrowed at this time. However, Plaintiff reserves his right to narrow issues, by agreement, where permitted by law, or by filing summary judgment motions.

<u>Defendants' Statement</u>. No issues have yet been narrowed by agreement or by motion.

### XV. EXPEDITED SCHEDULE

<u>Parties' Joint Statement.</u> The Parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedures of General Order 64, Attachment A.

### XVI. SCHEDULING

<u>Plaintiff's Statement</u>. Plaintiff requests that the Court set a class certification schedule (including experts relating to class certification) that provides for the filing of Plaintiff's motion (and any expert reports in support) by January 16, 2026, Defendants' opposition (and any rebuttal expert reports) by February 6, 2026, and Plaintiff's reply (and any rebuttal expert reports) by February 20, 2026. Under this proposed schedule, Plaintiff's class certification motion would be filed approximately 11 months after this action was brought, allowing for an orderly decision on that motion before the parties complete discovery and file any dispositive motions. This schedule would allow this case to be brought to trial in 19 months.

Plaintiff proposes the following schedule:

| Deadline | Proposed Dates |
|---|---|
| Deadline to Amend Complaint | October 31, 2025 |
| Deadline to file Motion for Class Certification and file any Expert Reports in Support | January 16, 2026 |
| Deadline to oppose Motion for Class Certification and file any Expert Reports in Opposition | February 6, 2026 |
| Deadline to file a reply in support of Motion for Class Certification and any Rebuttal Expert Reports | February 20, 2026 |

| Hearing on Class Certification | March 19, 2026 |
|---|---|
| Expert Disclosures | April 28, 2026 |
| Rebuttal Expert Disclosures | May 26, 2026 |
| Deadline to Complete Fact and Expert Discovery | July 10, 2026 |
| Dispositive Motions Deadline | August 10, 2026 |
| Pretrial Conference | October 15, 2026 |
| Trial Date | November 10, 2026 |

By contrast, Defendants' schedule is unworkable. Defendants propose to delay a decision on class certification until at least December 11, 2026—20 months after this action was filed. That is inconsistent with Rule 23, which directs courts to determine class certification "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A).

Defendants further suggest that trial could begin on March 8, 2027—25 months after the case was filed—but their schedule would not reasonably allow for that. If the Court certifies the class, the parties will need to agree on proposed class notice and a notice administrator, submit a notice plan to the Court for its approval, and allow class members at least 60 days to opt-out. Thus, under Defendants' proposed schedule, trial could not occur until at least mid-2027—two and a half years after this action was filed. Defendants' proposed trial date of March 22, 2027 is also impracticable, as it falls less than two weeks after the expected conclusion of the trial in the related *WPEngine* case—which involves many of the same parties and counsel.

In addition, Defendants' proposed discovery schedule would prejudice Plaintiff. First, Defendants' proposal that the parties disclose experts for trial by November 21, 2025—8 months prior to the close of fact discovery—makes little sense. Without substantial fact discovery, the parties will not be able to identify all experts that may be required to testify, especially considering that this case involves significant technical discovery and third-party subpoenas. Second, by proposing that all fact discovery close prior to Plaintiff's motion for class certification, Defendants would foreclose further discovery that may be necessary following the Court's class certification order but prior to the deadline for dispositive motions. This proposal would thus limit Plaintiff's

ability to address any issues the Court raises or that may later become apparent after class certification—especially considering that certification is a flexible inquiry that is "largely within the discretion of the district court." *Lytle v. Nutramax Labs.*, Inc., 114 F.4th 1011, 1029 (9th Cir. 2024); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

Accordingly, Plaintiff requests that the Court enter his proposed case schedule.

Defendants' Statement. The only significant point of disagreement is whether fact and expert discovery should close before or after briefing on class certification. Defendants propose completing fact and expert discovery before briefing on class certification, so that the Court may decide that motion based on the complete evidentiary record, not just the parties' pleadings and predictions about what discovery might reveal. A complete evidentiary record is critical to determine whether Plaintiff is able to meet his evidentiary burden. After all, "Rule 23 is not a 'mere pleading standard,' it places an evidentiary burden on a plaintiff who hopes to represent a class." *Ginsburg v. Comcast Cable Communications Mgmt. LLC*, 2013 WL 1661483, at *2 (W.D. Wash. Apr. 17, 2013) (quoting *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011)).

Plaintiff is trying to bring tort claims on behalf of a nationwide class of potentially millions of individuals and businesses. Whether to certify such a class will turn on highly fact-intensive questions, such as what contracts govern putative class members' relationship to WP Engine, the details of the putative class members' economic relationships with their customers as well as WP Engine, and variations in any service received by or provided to Plaintiff and the putative class members. Plaintiff and his expert will argue these issues can be answered on a classwide basis, but evaluating that argument will depend on a deep analysis of the factual record—not projections about what Plaintiff and his expert hope to be able to show once discovery is complete. Further, closing expert discovery before class certification proceedings gives Defendants adequate time to understand the factual basis for Plaintiff's expert's opinions and to develop rebuttal testimony.

Finally, as Plaintiff notes, there is a related case that will deal with the predicate facts for Plaintiff's claims; that case is slated for a 10-day trial beginning on February 22, 2027. Given the overlapping factual nature, it makes the most logical sense for the trial in this matter to follow that

trial. Defendants welcome the opportunity to discuss the schedule at the upcoming Case Management Conference.

| Deadline | Proposed Dates |
| --- | --- |
| Deadline to Amend Complaint | October 31, 2025 |
| Deadline to Disclose Identity (Name + Brief Description) of Plaintiff's Experts | November 21, 2025 |
| Deadline to Disclose Identity (Name + Brief Description) of Defendants' Experts | December 19, 2025 |
| Affirmative Expert Report Deadline | July 17, 2026 |
| Close of fact discovery | August 1, 2026 |
| Rebuttal Expert Report Deadline | August 28, 2026 |
| Close of Expert Discovery | September 25, 2026 |
| Deadline to file Motion for Class Certification | October 2, 2026 |
| Deadline to oppose Motion for Class Certification | October 30, 2026 |
| Deadline to file a reply in support of Motion for Class Certification | November 20, 2026 |
| Hearing on Class Certification | December 11, 2026 |
| Dispositive Motions Deadline | 45 days after class certification is decided |
| Pretrial Conference | Defendants suggest that the Court wait to schedule the pre-trial conference until after resolution of class certification and dispositive motions. However, if the Court prefers to set a pre-trial conference date now, Defendants propose March 8, 2027 |
| Trial Date | Defendants suggest that the Court wait to schedule the trial until after resolution of class certification and dispositive motions. However, if the Court prefers to set a trial date now, Defendants propose March 22, 2027 |

## XVII.    TRIAL

Plaintiff's Statement. The case will be tried by a jury, and the Plaintiff estimates that a trial in this case would last ten (10) to fourteen (14) court days (if a class is certified) but notes that trial time will be affected depending on the nature and scope of the class. If a proposed class is not certified, Plaintiff estimates that trial will last four (4) to five (5) court days for Plaintiff's individual case.

Defendants' Statement. Defendants believe it is premature to set a length or schedule for

trial before knowing what claims survive the pleading stage, if any, and if any survive, whether the case will be tried on a class or individual basis.

## XVIII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff's Statement. Plaintiff has filed a Certificate of Interested Entities or Persons required by Civil Local Rule 3-15. (ECF No. 27). Plaintiff confirms that the statements therein are currently accurate, and that Plaintiff does not currently know of any persons, firms, partnerships, corporations, or other entities (i) having either a financial interest in the subject matter in controversy or in a party to the proceeding or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, other than the named parties and the putative class.

Defendants' Statement. Defendants filed a Certificate of Interested Entities or Persons pursuant to Civil Local Rule 3-15 (ECF No. 21). Defendants restate the contents of their certification as follows: Automattic Inc. has no parent corporation. Salesforce is a publicly held corporation which owns 10% or more of Automattic's stock. The following persons or entities have a financial or non-financial interest in the subject matter in controversy: (a) Automattic Inc.; (b) Matthew Charles Mullenweg; (c) Tiger Global.

## XIX.   PROFESSIONAL CONDUCT

Parties' Joint Statement. All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX.   OTHER

Pursuant to Rule 5(b)(2)(E), the parties consent to serve and receive all documents, including service of all discovery, by electronic means. Service shall be complete upon sending a document by email or other electronic means, unless the sender learns it did not reach the person to be served.

The Parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

| | |
|---|---|
| DATED: May 22, 2025 | /s/ *Sabita J. Soneji* |
| | **TYCKO & ZAVAREEI LLP** |
| | SABITA J. SONEJI (S.B.N. 224262) |
| | ssoneji@tzlegal.com |
| | 1970 Broadway, Suite 1070 |
| | Oakland, California 94612 |
| | Telephone: (510) 254-6808 |
| | |
| | DAVID A. MCGEE (*pro hac vice*) |
| | dmcgee@tzlegal.com |
| | 2000 Pennsylvania Avenue NW, Suite 1010 |
| | Washington, DC 20006 |
| | Telephone: (202) 973-0900 |
| | |
| | **SCHUBERT JONCKHEER & KOLBE LLP** |
| | ROBERT C. SCHUBERT (S.B.N. 62684) |
| | rschubert@sjk.law |
| | AMBER L. SCHUBERT (S.B.N. 278696) |
| | aschubert@sjk.law |
| | DANIEL L.M. PULGRAM (S.B.N. 354569) |
| | dpulgram@sjk.law |
| | 2001 Union Street, Suite 200 |
| | San Francisco, California 94123 |
| | Telephone: (415) 788-4220 |
| | |
| | *Attorneys for Plaintiff* |
| | |
| DATED: May 22, 2025 | /s/ *Kahn A. Scolnick* |
| | KAHN A. SCOLNICK, SBN 228686 |
| | kscolnick@gibsondunn.com |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | 333 South Grand Avenue |
| | Los Angeles, CA 90071-3197 |
| | Telephone:  213.229.7000 |
| | Facsimile:  213.229.6652 |
| | |
| | *Attorney for Defendants* |

**ATTESTATION**

In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: May 22, 2025

/s/ *Sabita J. Soneji*
**TYCKO & ZAVAREEI LLP**
Sabita J. Soneji

*Attorney for Plaintiff*