| | |
|---|---|
| ROSEMARIE T. RING, SBN 220769<br>  rring@gibsondunn.com<br>JOSEPH R. ROSE, SBN 27902<br>  jrose@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br>Facsimile: 415.801.7358<br><br>KAHN A. SCOLNICK, SBN 228686<br>  kscolnick@gibsondunn.com<br>LEONORA COHEN, SBN 319463<br>  lcohen@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.6652 | JOSH A. KREVITT, SBN 208552<br>  jkrevitt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>310 University Avenue<br>Palo Alto, CA 94301-1744<br>Telephone:   650.849.5300<br>Facsimile: 650.849.5333<br><br>ORIN SNYDER (admitted pro hac vice)<br>  osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:   212.351.2400<br>Facsimile: 212.351.6335 |

*Attorneys for Defendant*
*Automattic Inc. and Matthew Charles Mullenweg*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN KELLER and SHARON SCHANZER, individually and on behalf of their businesses, KELLER HOLDINGS LLC (d/b/a SecureSight) and RLDGROUP, and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>           Defendants. | CASE NO. 3:25-CV-01892-AMO<br><br>**DECLARATION OF KAHN SCOLNICK IN SUPPORT OF PROPOSED STIPULATED PROTECTIVE ORDER** |

109248979.5

## DECLARATION OF KAHN SCOLNICK

I, Kahn Scolnick, declare as follows:

1. I am a member in good standing of the California Bar and am admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn, & Crutcher LLP, counsel of record for Defendants Automattic Inc. and Matthew Charles Mullenweg in this action. I submit this declaration in compliance with Paragraph I.4 of the Court's Standing Order for Civil Cases with respect to the parties' Proposed Stipulated Protective Order that is being filed concurrently (ECF No. 43). Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently to these facts.

2. The parties' Proposed Stipulated Protective Order (ECF No. 43) used, as a template/guide, the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets found at https://cand.uscourts.gov/forms/model-protective-orders/. To ensure coordination and consistency, the Proposed Stipulated Protective Order takes a similar approach to the protective order in *WPEngine, Inc. v. Automatic Inc., et al.*, Case No. 3:24-cv-06917-AMO, filed as docket entry 104 in that case.

3. The Proposed Stipulated Protective Order includes the Model Order's optional language regarding the source code tier, as seen at sections 5.2(a), 5.2(c), 7.3, 7.4, 7.4(a), 8, 9, and 10(a).

4. The Proposed Stipulated Protective Order excludes optional language, such as optional sections found in the Model Order at 2.4, 7.3(b), and language in sections 7.4 and 9 relating to who may access information labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," optional patent and export provisions found at sections 8 and 14.3 of the Model Order, and deleted, except as indicated below, the language in the Model Order's footnotes.

5. Minor language changes for clarification were also made to 5.2(b), 7.3(d), and 8(c) of the Proposed Stipulated Protective Order. It also excludes "Designated House Counsel" from sections 7.4, 7.4(b)-(c), and 8(b) to limit access to documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." These changes are further explained in the chart below.

6. Apart from the changes in the redlined comparison document that is being filed concurrently, the Proposed Stipulated Protective Order is identical to the above-mentioned Model Order.

| Paragraph | Modification | Explanation |
|---|---|---|
| 5.2(b) | Addition | Adds "after the final transcript is received" as a more precise definition of when the 21-day clock starts. |
| 7.3(d) | Addition | Adds "mock jurors retained by professional jury or trial consultants" to the list should that become necessary and clarifies the conditions under which information may be shared with mock jurors. |
| 7.4, 7.4(b)-(c) | Removal | Removes "Designated House Counsel" to limit access to documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as this case and the above-mentioned related case involves direct competitors in the webhosting space. |
| 8(b) | Removal | Removes "with the exception of Designated House Counsel" to limit access to documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as this case and the above-mentioned related case involves direct competitors in the webhosting space. |
| 8(c) | Addition | Incorporates footnote 16 into the body for clarity. |

DATED: July 23, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Kahn Scolnick*
      Kahn A. Scolnick

*Attorney for Defendant Automattic Inc. and Matthew Charles Mullenweg*