| | |
|---|---|
| JOSEPH R. ROSE, SBN 27902<br>  jrose@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br>Facsimile: 415.801.7358 | JOSH A. KREVITT, SBN 208552<br>  jkrevitt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>310 University Avenue<br>Palo Alto, CA 94301-1744<br>Telephone: 650.849.5300<br>Facsimile: 650.849.5333 |
| KAHN A. SCOLNICK, SBN 228686<br>  kscolnick@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.6652 | ORIN SNYDER *(admitted pro hac vice)*<br>  osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.2400<br>Facsimile: 212.351.6335 |

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN KELLER and SHARON SCHANZER, individually and on behalf of their businesses, KELLER HOLDINGS LLC (d/b/a SecureSight) and RLDGROUP, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>  Defendants. | Case No. 3:25-CV-01892-AMO<br><br>**DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFFS' ADMINISTRATIVE MOTION RE: SEALING [DKT. 58]** |

Pursuant to Local Rules 7-11 and 79-5, Defendants Automattic Inc. ("Automattic") and Matthew Charles Mullenweg (collectively, "Defendants") respectfully submit this statement in connection with the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Plaintiffs Ryan Keller and Sharon Schanzer (collectively, "Plaintiffs") in connection with their Second Amended Complaint ("SAC").  Dkt. 58.

The provisionally redacted material in the SAC and accompanying exhibit reflect confidential, highly sensitive information concerning Defendants' communications with customers that would cause competitive harm to Defendants if publicly disclosed.  For the reasons articulated in this statement and in the accompanying declaration of Christie J. Wright, Defendants respectfully request that the Designated Material remains sealed.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).  Courts in this Circuit have applied the "compelling reasons" standard to requests to seal all or part of a complaint, meaning that there must be "compelling reasons supported by specific factual findings" to justify sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted); *see, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, at *4 (N.D. Cal. Apr. 23, 2008).

Courts in this Circuit regularly find compelling reasons to seal nonpublic material contained in pleadings that reveals "confidential business information, the disclosure of which would cause competitive harm." *Actian Corp. v. AB Sciex LLC*, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[B]usiness information that might harm a litigant's competitive standing" provides basis for sealing.).  The compelling reasons standard may also be satisfied by information concerning the "licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the compelling reasons standard, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); trade secrets that are used by the designating party to "obtain an advantage

over competitors who do not know or use [the information]," *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2009); and information that a competitor could use to "undermine [the designating party's] position in the marketplace," *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016).

Compelling reasons exist to seal the material provisionally redacted by Plaintiffs. The chart below provides a brief summary of the basis for sealing:

| Document Description | Bates No. | Reason for Sealing |
|---|---|---|
| Highlighted Material in SAC ¶ 61 | Excerpt from A8C_CA0000 0683 | Communications with potential customer concerning business acquisition |
| Highlighted Material in SAC ¶ 63 | All Bates documents included in Exhibit 1 | Communications with potential customer concerning business acquisition |
| Highlighted Material in SAC ¶ 64 | Excerpt from A8C_0000056 6 | Communications with potential customer concerning business acquisition |
| Highlighted Material in SAC ¶ 65 | Excerpt from A8C_CA0000 0683 | Communications with potential customer concerning business acquisition |
| Highlighted Material in SAC ¶ 112 | All Bates documents included in Exhibit 1 | Communications with potential customer concerning business acquisition |
| Exhibit 1 | All Bates documents included in Exhibit 1 | Communications with potential customer concerning business acquisition |

The Designated Material includes detailed communications between Automattic and potential customers. Automattic's communications with actual and potential customers are confidential. Wright Decl. ¶ 4. Nonpublic details concerning Automattic's acquisition of new business constitute trade secrets, and disclosure of this information would put Automattic at a competitive disadvantage. Wright Decl. ¶¶ 7–9; *see Elec. Arts*, 298 F. App'x at 569; *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (finding compelling reasons to seal "confidential and

proprietary business, sales, or licensing information, including the identities of the customers … and company strategy").

    Defendants respectfully request that the Court order that the Designated Material remain sealed pursuant to the compelling reasons standard.

DATED: January 22, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Kahn A. Scolnick
       Kahn A. Scolnick

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*