Docusign Envelope ID: 96F84B94-43CC-43E6-A960-5AF1A83E2B97

JOSEPH R. ROSE, SBN 27902
  jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

JOSH A. KREVITT, SBN 208552
  jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER *(admitted pro hac vice)*
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RYAN KELLER and SHARON SCHANZER, individually and on behalf of their businesses, KELLER HOLDINGS LLC (d/b/a SecureSight) and RLDGROUP, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br><br>  Defendants. | Case No. 3:25-CV-01892-AMO<br><br>**DECLARATION OF CHRISTIE J. WRIGHT IN SUPPORT OF DEFENDANTS' STATEMENT IN CONNECTION WITH PLAINTIFFS' ADMINISTRATIVE MOTION RE: SEALING [DKT. 58]** |

## DECLARATION OF CHRISTIE J. WRIGHT

I, Christie J. Wright, declare as follows:

1. I am the Chief Customer Officer at Automattic, Inc. ("Automattic").

2. I have personal knowledge of the facts set forth herein. If called upon as a witness in this action, I could and would testify competently thereto.

3. In my role, I oversee the Automattic for Agencies partnership program, which is a program that allows web agencies that build websites to access a unified platform to manage client websites. Agencies that join Automattic for Agencies also have access to discounted pricing and revenue sharing opportunities. Web agencies that join Automattic for Agencies can choose which hosting platform they want to use, including Pressable or third-party companies that compete with Automattic in offering WordPress web hosting services to customers.

4. The identities of Automattic's actual or potential customers are treated as confidential unless the customer agrees to publicly disclose their business relationship with Automattic. Even if the existence of the relationship is disclosed, any communications between the customer and Automattic are treated as confidential.

5. I have reviewed Plaintiffs' Second Amended Complaint ("SAC") from the perspective of whether it includes information that Automattic would consider confidential under the policies and practices described above. Based on this review, I have determined that the SAC contains confidential Automattic information where provisionally redacted in the following paragraphs: 61, 63, 64, 65, and 112. I have also determined that Exhibit 1 to the SAC contains confidential information related to Automattic.

6. The information in these paragraphs and Exhibit 1 reflects communications with actual and potential customers, including negotiations concerning pricing, contractual terms, and the overall business relationship. Automattic maintains these kinds of communications as confidential in the ordinary course of business.

7. The information in these paragraphs and Exhibit 1 reveals highly sensitive and proprietary information, including business strategies concerning the acquisition of new customers and the specific terms on which Automattic is willing to deal with such customers.

8. Public disclosure of this information would harm Automattic by potentially advantaging its competitors, who would gain insight into Automattic's nonpublic customer base and customer-specific business practices. Disclosure could also unfairly advantage actual and potential customers by revealing confidential information regarding Automattic's negotiations with other parties. Actual and potential customers could use this information as a negotiating tool in business transactions with Automattic to gain an advantage that would not be possible absent this disclosure, thereby compromising Automattic's commercial interests.

9. The information in the provisionally redacted paragraphs of the SAC is not publicly known. Automattic recognizes and protects the value of this information through its policies and practices designed to protect confidential information from disclosure.

10. For these reasons, I respectfully submit that the provisionally redacted material in SAC paragraphs 61, 63, 64, 65, and 112, and the content in Exhibit 1, should remain sealed or be redacted in a narrowly tailored manner to prevent harm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Bosie, Idaho, on this 22nd day of January, 2026.

DATED: January 22, 2026

By: _____
    Christie J. Wright