JOSEPH R. ROSE, SBN 27902
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

KAHN A. SCOLNICK, SBN 228686
kscolnick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

ORIN SNYDER *(admitted pro hac vice)*
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RYAN KELLER and SHARON SCHANZER, individually and on behalf of their businesses, KELLER HOLDINGS LLC (d/b/a SecureSight) and RLDGROUP, and on behalf of all others similarly situated,

Plaintiffs,

v.

AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,

Defendants.

Case No. 4:25-CV-01892-AMO

**DEFENDANTS' REVISED ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Local Rules 7-11 and 79-5, Defendants Automattic Inc. ("Automattic") and Matthew Charles Mullenweg (collectively, "Defendants") respectfully move to redact portions of Plaintiffs' Second Amended Complaint ("SAC") and Exhibit 1 to the SAC that Plaintiffs previously provisionally filed under seal, pursuant to the Court's July 27, 2026 Order. Dkt. 74.

The revised proposed redacted material in the SAC and accompanying exhibit reflect confidential, highly sensitive information concerning Defendants' communications with customers that would cause competitive harm to Defendants if publicly disclosed. For the reasons articulated in this Motion and in the accompanying declaration of Christie J. Wright ("Wright Declaration"), Defendants respectfully request that the Designated Materials remain sealed.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). Courts in this Circuit have applied the "compelling reasons" standard to requests to seal all or part of a complaint, meaning that there must be "compelling reasons supported by specific factual findings" to justify sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted); *see, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, 2008 WL 1859067, at *4 (N.D. Cal. Apr. 23, 2008).

Courts in this Circuit regularly find compelling reasons to seal nonpublic material contained in pleadings that reveals "confidential business information, the disclosure of which would cause competitive harm." *Actian Corp. v. AB Sciex LLC*, 2023 WL 7166811, at *2 (N.D. Cal. Oct. 30, 2023); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[B]usiness information that might harm a litigant's competitive standing" provides basis for sealing.). The compelling reasons standard may also be satisfied by information concerning the "licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the compelling reasons standard, *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); trade secrets that are used by the designating party to "obtain an advantage over competitors who do not know or use [the information]," *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2009); and information that a competitor could use to "undermine [the designating

party's] position in the marketplace," *Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at *2 (C.D. Cal. June 2, 2016).

As detailed in the Wright Declaration, compelling reasons exist to seal the material provisionally redacted by Plaintiffs. The chart below provides a brief summary of the basis for the redactions:

| **Document Description** | **Bates No.** | **Reason for Sealing** |
|---|---|---|
| Exhibit 1 | All Bates documents included in Exhibit 1 | Proprietary business strategy and outreach method; partner and consumer identities; employee names and contact information |
| Highlighted Material in SAC ¶ 61 | Excerpt from A8C_CA0000 0683 | Employee name |
| Highlighted Material in SAC ¶ 63 | All Bates documents included in Exhibit 1 | Partner and consumer identity |

Exhibit 1 to the SAC includes detailed communications between Automattic and potential customers. The SAC references these communications. Automattic's communications with actual and potential customers are confidential. Wright Decl. ¶ 4. Moreover, the limited materials that Defendants seek to redact from these communications fall into three categories: (1) proprietary business strategy and consumer outreach methods; (2) partner and consumer identities; and (3) employee names and contact information. *Id.* ¶ 5. Automattic does not make its proprietary business strategy and consumer outreach methods publicly available because it could provide prospective customers with nonpublic information that could be used as leverage in negotiations. *Id.* ¶ 5(a). Actual or potential customers' identities are treated as confidential unless the customer agrees to publicly disclose their business relationship with Automattic and disclosure could subject those entities and individuals to unwanted solicitation by competitors. *Id.* ¶¶ 4, 5(b). And Automattic does not make the names, email addresses, and calendar scheduling links of its employees publicly available because it could result in unauthorized solicitation of those employees. *Id.* ¶ 5(c). Therefore, disclosure of the information sought to be redacted—which Automattic does not publicly disclose—both would reveal individual

and business identities and would put Automattic at a competitive disadvantage. *See* Wright Decl. ¶ 6; *see Elec. Arts*, 298 F. App'x at 569; *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (finding compelling reasons to seal "confidential and proprietary business, sales, or licensing information, including the identities of the customers … and company strategy").

Defendants respectfully request that the Court order that the Designated Materials remain sealed.

DATED: August 11, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Kahn A. Scolnick*
Kahn A. Scolnick

*Attorney for Defendants Automattic Inc. and Matthew Charles Mullenweg*