JOSEPH R. ROSE, SBN 27902
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

KAHN A. SCOLNICK, SBN 228686
kscolnick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

ORIN SNYDER *(admitted pro hac vice)*
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RYAN KELLER and SHARON SCHANZER, individually and on behalf of their businesses, KELLER HOLDINGS LLC (d/b/a SecureSight) and RLDGROUP, and on behalf of all others similarly situated,

Plaintiffs,

v.

AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,

Defendants.

Case No. 4:25-CV-01892-AMO

**DECLARATION OF CHRISTIE J. WRIGHT IN SUPPORT OF DEFENDANTS' REVISED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

# DECLARATION OF CHRISTIE J. WRIGHT

I, Christie J. Wright, declare as follows:

1. I am the Chief Customer Officer at Automattic, Inc. ("Automattic").

2. I have personal knowledge of the facts set forth herein. If called upon as a witness in this action, I could and would testify competently thereto.

3. In my role, I oversee the Automattic for Agencies partnership program, which is a program that allows web agencies that build websites to access a unified platform to manage client websites. Agencies that join Automattic for Agencies also have access to discounted pricing and revenue sharing opportunities. Web agencies that join Automattic for Agencies can choose which hosting platform they want to use, including Pressable or third-party companies that compete with Automattic in offering WordPress web hosting services to customers.

4. The identities of Automattic's actual or potential customers are treated as confidential unless the customer agrees to publicly disclose their business relationship with Automattic. Even if the existence of the relationship is disclosed, any communications between the customer and Automattic are treated as confidential.

5. Following the Court's Order dated July 27, 2026 (Dkt. 74), counsel identified narrowly tailored redactions rather than sealing the exhibit in its entirety. I have reviewed the proposed redactions. Based on my knowledge of Automattic's business and its practices for handling confidential information, the redacted material falls within the three categories described below.

   a. Proprietary Business Strategy and Consumer Outreach Methods. The proposed redactions cover confidential details of Automattic's competitive strategy for acquiring and retaining customers, including specific financial terms of incentive offers extended, the structure and methodology of Automattic's outreach campaigns, and competitive intelligence that Automattic used to inform its customer acquisition efforts. These details reflect proprietary business tactics that Automattic does not make publicly available. Disclosure would enable competitors to replicate Automattic's consumer acquisition strategies and would provide prospective customers with nonpublic information that could be used as leverage in negotiations.

b. Partner and Consumer Identities. The proposed redactions cover the names of individual agency partners who received outreach communications, as well as the name of their client organizations and client website URLs referenced in the tickets. Automattic treats the identities of its agency partners as confidential unless the partner has consented to public disclosure. Revealing these identities would breach Automattic's confidentiality obligations to its partners and could subject those partners to unwarranted solicitation by competitors.

c. Employee Names and Contact Information. The proposed redactions cover the names, titles, email addresses, and personal calendar scheduling links of Automattic employees who authored the outreach communications. This information, particularly the calendar links, provides direct access to Automattic personnel and could be exploited for unauthorized solicitation.

6. Automattic does not publicly disclose the information covered by these categories, and I am not aware of any of it having been made public. Automattic recognizes and protects the value of this information through its confidential policies, its protective order designations in this litigation, and its ordinary course practices for safeguarding proprietary business data.

7. For these reasons, I respectfully submit that the narrowly tailored redactions proposed herein—limited to the categories described above—are necessary to protect Automattic's proprietary business information from public disclosure. A copy of Exhibit 1 with the proposed redactions marked is attached to this declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Boise, Idaho, on this 11th day of August, 2026.

DATED: August 11, 2026

DocuSigned by:
Christie Wright
62B486E2C526425...

By: ______________________________
Christie J. Wright