JOSEPH R. ROSE, SBN 279092
jrose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.801.7358

KAHN A. SCOLNICK, SBN 228686
kscolnick@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.6652

ANDREW M. KASABIAN, SBN 313210
akasabian@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facisimile: 949.475.4741

JOSH A. KREVITT, SBN 208552
jkrevitt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER (*admitted pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2400
Facsimile: 212.351.6335

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RYAN KELLER and SHARON SCHANZER, individually and on behalf of their businesses, KELLER HOLDINGS LLC (d/b/a SecureSight) and RLDGROUP, and on behalf of all others similarly situated,

Plaintiffs,

v.

AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,

Defendants.

Case No. 4:25-CV-01892-AMO

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

**ANSWER**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants Automattic Inc. and Matthew Charles Mullenweg ("Defendants"), by and through their counsel, answer and assert defenses to the Second Amended Class Action Complaint ("SAC"), *see* Dkt. 57, filed on January 15, 2026, by Plaintiffs Ryan Keller and Sharon Schanzer, individually and on behalf of their businesses KELLER HOLDINGS LLC (d/b/a SecureSight) and RLDGROUP, according to its numbered paragraphs as follows below. Except for the allegations expressly admitted, Defendants deny each and every allegation in the SAC. Defendants state that the headings, subheadings, and footnotes throughout the SAC do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, Defendants deny the allegations in the headings, subheadings, and footnotes in the SAC. Except as noted, Defendants lack information sufficient to form a belief as to the truth of the allegations regarding non-public statements, commercial plans, or intentions of entities other than Defendants. Defendants expressly deny that Plaintiffs are entitled to the relief requested or any other relief. Defendants deny that this case may proceed as a class action. Defendants reserve the right to amend this Answer.

1. Defendants deny the allegations in Paragraph 1. Defendants deny that this case may proceed as a class action.

2. Defendants admit that WordPress is a free open-source web content management system that powers at least 40% of the web. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants admit the allegations in the first sentence of Paragraph 3. Defendants otherwise deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants admit numerous for-profit companies offer web hosting platforms for WordPress. Defendants also admit that WordPress.com and Pressable are owned or controlled by Automattic. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants admit that Paragraph 6 purports to quote a video that speaks for itself. Defendants deny the remaining allegations in Paragraph 6.

7. Defendants admit that Paragraph 7 purports to quote an unspecified source that speaks for itself. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that WP Engine's access to the WordPress.org repository was restricted beginning on September 24, 2024, that access was temporarily restored in late September 2024 to permit WP Engine to create a mirror of WordPress.org resources, and that access was again restricted on October 1, 2024. Defendants lack information sufficient to admit or deny Plaintiffs' awareness of anything. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9. Defendants deny that this case may proceed as a class action.

10. The allegations in Paragraph 10 contain conclusions of law and allegations concerning claims that have been dismissed, and no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11. Defendants admit that Automattic owns WordPress.com and Pressable. The remaining allegations in Paragraph 11 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Defendants admit that Paragraph 12 purports to refer to a webpage and court order that speak for themselves. Defendants also admit that this Court issued an injunction in Case No. 3:24-cv-06917-AMO, Dkt. No. 64, on December 10, 2024. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants admit that Paragraph 13 purports to refer to and quote webpages and a court order that speak for themselves. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit that a file identifying domains potentially hosted by WP Engine was published at wordpressenginetracker.com, and that Paragraph 14 purports to refer to and quote a webpage that speaks for itself. Defendants lack information sufficient to admit or deny the allegations in the last sentence of Paragraph 14. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit that Paragraph 15 purports to refer to a webpage that speaks for itself. Defendants admit that the website wordpressenginetracker.com was active as of January 15, 2026. The allegation in the last sentence of Paragraph 15 contains conclusions of law to which no responsive pleading is required. Defendants deny the remaining allegations in Paragraph 15.

16. The allegations in the first sentence of Paragraph 16 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny the allegations in Paragraph 16. Defendants deny that this case may proceed as a class action.

17. The first sentence of Paragraph 17 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants admit that Paragraph 17 purports to quote a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 17. Defendants deny that this case may proceed as a class action.

18. The allegations in Paragraph 18 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations.

19. Paragraph 19 identifies the legal claims, not factual assertions to which a response is required. Defendants deny that Plaintiffs or the putative class are entitled to any relief. Defendants deny that this case may proceed as a class action.

20. Defendants lack information sufficient to admit or deny the allegations in Paragraph 20.

21. Defendants lack information sufficient to admit or deny the allegations in Paragraph 21.

22. Defendants admit the allegations in the first sentence of Paragraph 22. Defendants admit that Automattic owns and operates several for-profit businesses related to WordPress, including WordPress.com, WordPress VIP, Pressable.com, and WooCommerce, Inc. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants admit that Mullenweg is the CEO and President of Automattic, that Mullenweg at least owns a share of Automattic, that Mullenweg is the founding director of the WordPress Foundation, and that the WordPress Foundation is a California nonprofit public benefit

corporation. Defendants admit that Paragraph 23 purports to quote a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 23.

24. The allegations in Paragraph 24 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations.

25. The allegations in Paragraph 25 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny that this case may proceed as a class action.

26. Defendants admit that Mullenweg is CEO and President of Automattic. The remaining allegations in Paragraph 26 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations.

27. The allegations in Paragraph 27 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations.

28. The allegations in Paragraph 28 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations.

29. Defendants admit that WordPress's open-source software is used by millions of websites worldwide. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit that the WordPress Foundation is a nonprofit organization, and that Paragraph 30 purports to quote from a webpage that speaks for itself. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants admit that WordPress is widely used and that WordPress powers more than 40% of all websites. To the extent the allegations in the first sentence of Paragraph 31 are conclusions of law, no responsive pleading is required. To the extent a response is required, Defendants deny those allegations and the remaining allegations in Paragraph 31.

32. Defendants admit the allegations in the first sentence of Paragraph 32. Defendants also admit that Paragraph 32 purports to refer to a pleading filed by a nonparty to this action in another action, and to webpages, each of which speaks for itself. Defendants deny the remaining allegations in Paragraph 32.

33. Defendants admit that Paragraph 33 purports to refer to and quote publicly available WordPress source code, which speaks for itself. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that Paragraph 34 purports to refer to publicly available WordPress source code and a webpage, each of which speaks for itself. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants admit that Paragraph 35 purports to refer to and quote publicly available WordPress source code, which speaks for itself. Defendants deny the remaining allegations in Paragraph 35.

36. Defendants admit that Paragraph 36 purports to refer to publicly available WordPress source code, which speaks for itself. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants admit the first sentence of Paragraph 37 and admit that plugins serve various functions. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants admit that the WordPress source code and repository is available on WordPress.org. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admit that Mullenweg was co-founder of WordPress and created the WordPress Foundation in 2010. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants admit that some companies offer managed website hosting, which may include various services. Defendants deny the remaining allegations in Paragraph 42.

43. Defendants admit the first sentence of Paragraph 43. Defendants also admit that WP Engine competes with Automattic and Automattic also offers managed website hosting services. Defendants lack information sufficient to admit or deny the last two sentences of Paragraph 43, and otherwise deny the remaining allegations in Paragraph 43.

44. Defendants lack information sufficient to admit or deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants admit that Mullenweg gave a keynote address at WordCamp US on September 20, 2024. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants admit that WP Engine sent a cease-and-desist letter to Automattic on September 23, 2024. Defendants admit that WP Engine's access to WordPress.org resources was restricted beginning on September 24, 2024. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48. Defendants deny that this case may proceed as a class action.

49. Defendants lack information sufficient to admit or deny the allegations in Paragraph 49 concerning the terms of any agreement between WP Engine and Plaintiffs or any putative class member. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants admit that access to WordPress.org resources was temporarily restored to WP Engine in late September 2024, and that access was again restricted on October 1, 2024. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants lack information sufficient to admit or deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53. Defendants deny that this case may proceed as a class action.

54. The first sentence of Paragraph 54 contains conclusions of law for which no response is required. Defendants deny the remaining allegations in Paragraph 54. Defendants deny that this case may proceed as a class action.

55. The first sentence of Paragraph 55 contains conclusions of law for which no response is required. Defendants admit that the remaining allegations in Paragraph 55 purport to quote a video that speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 55. Defendants deny that this case may proceed as a class action.

56. Defendants admit that Paragraph 56 purports to quote a video that speaks for itself. Defendants deny the remaining allegations in Paragraph 56. Defendants deny that this case may proceed as a class action.

57. Defendants deny the allegations in the first sentence of Paragraph 57. Defendants admit that Paragraph 57 purports to quote an order entered at the preliminary injunction stage in *WP Engine, Inc. v. Automattic Inc., et al.*, No. 3:24-cv-06917-AMO, and documents referenced therein, which speak for themselves. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. To the extent the allegations in Paragraph 59 are conclusions of law, no response is required. Defendants deny the allegations in Paragraph 59.

60. Defendants admit that dozens of documents from Zendesk have been produced and that Zendesk is customer relationship management software. Defendants deny the remaining allegations in Paragraph 60.

61. Defendants admit that Paragraph 61 purports to refer to and quote a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 61.

62. Defendants admit that Paragraph 62 purports to refer to a webpage that speaks for itself. Defendants deny the remaining allegations in Paragraph 62.

63. Defendants admit that Automattic personnel attempted to contact potential customers in October 2024 and into November. Defendants admit that Paragraph 63 purports to refer to and quote a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit that Paragraph 64 purports to refer to and quote a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 64.

65. The allegations in Paragraph 65 contain conclusions of law for which no response is required. Defendants admit that Paragraph 65 purports to refer to and quote a document that speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 65.

66. Defendants admit that Paragraph 66 purports to refer to and quote a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 66. Defendants deny that this case may proceed as a class action.

67. Defendants deny the allegations in Paragraph 67. Defendants deny that this case may proceed as a class action.

68. Defendants deny the first sentence of Paragraph 68. Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 68.

69. Defendants lack information sufficient to admit or deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny that Plaintiff Keller suffered harm. Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 71.

72. Defendants deny the first sentence in Paragraph 72. Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 72.

73. Defendants lack information sufficient to admit or deny the allegations in Paragraph 73.

74. Defendants admit that Paragraph 74 purports to quote publicly available WordPress source code, which speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. The last sentence of Paragraph 76 contains conclusions of law for which no response is required. Defendants admit that Paragraph 76 purports to quote and refer to a hosting plan offered by WP Engine. Defendants deny the remaining allegations in Paragraph 76.

77. Defendants lack information sufficient to admit or deny the allegations in Paragraph 77.

78. Defendants lack information sufficient to admit or deny the allegations in Paragraph 78.

79. Defendants lack information sufficient to admit or deny the allegations in Paragraph 79.

80. Defendants admit that Paragraph 80 purports to refer to a file that speaks for itself. Defendants lack information sufficient to admit or deny the allegations in Paragraph 80 concerning the identity of websites owned or operated by Plaintiff Keller or his clients. Defendants deny the remaining allegations.

81. Defendants lack information sufficient to admit or deny the allegations in Paragraph 81.

82. Defendants deny the first sentence of Paragraph 82. Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 82.

83. Defendants deny that they caused any disruption to Plaintiff Schanzer's business and deny that any conduct by Defendants impacted her existing or future business relationships. Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 83.

84. Defendants lack information sufficient to admit or deny the allegations in Paragraph 84 concerning Plaintiff Schanzer's clients, any discount she provided, or her purchase of any theme or support services from any third party. Defendants deny the remaining allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants lack information sufficient to admit or deny the allegations in Paragraph 86.

87. Defendants lack information sufficient to admit or deny the allegations in Paragraph 87.

88. Defendants admit that Paragraph 88 purports to refer to publicly available WordPress source code, which speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. The last sentence of Paragraph 90 contains conclusions of law for which no response is required. Defendants lack information sufficient to admit or deny the allegations in Paragraph 90 concerning the actions Plaintiff Schanzer took or her expenditure of time or expense. Defendants deny the remaining allegations in Paragraph 90.

91. Defendants lack information sufficient to admit or deny the allegations in Paragraph 91.

92. Defendants lack information sufficient to admit or deny the first sentence of Paragraph 92. Defendants deny the last sentence of Paragraph 92.

93. Defendants deny the first and last sentences of Paragraph 93. Defendants deny that this case may proceed as a class action. Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 93.

94. Defendants admit that Paragraph 94 purports to refer to and quote a document and publicly available WordPress source code, each of which speaks for itself. Defendants lack information sufficient to admit or deny the terms of Plaintiffs' agreements with WP Engine. Defendants deny the remaining allegations in Paragraph 94.

95. Defendants admit that Paragraph 95 purports to quote a document and publicly available WordPress source code, each of which speaks for itself. Defendants deny the remaining allegations in Paragraph 95.

96. Defendants admit that Paragraph 96 purports to quote a document and publicly available WordPress source code, each of which speaks for itself. Defendants lack information sufficient to admit or deny the terms of Plaintiffs' alleged contracts with WP Engine. Defendants deny the remaining allegations in Paragraph 96.

97. Defendants admit that the last sentence of Paragraph 97 purports to refer to publicly available WordPress source code, which speaks for itself. Defendants deny the remaining allegations in Paragraph 97.

98. Defendants admit that Paragraph 98 purports to quote and refer to the WordPress administrative dashboard, which speaks for itself. Defendants deny the remaining allegations in Paragraph 98.

99. Defendants lack information sufficient to admit or deny the terms of Plaintiffs' alleged contracts with WP Engine. Defendants admit that Paragraph 99 purports to refer to and quote a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100. Defendants deny that this case may proceed as a class action.

101. Defendants admit that Paragraph 101 purports to refer to and quote a webpage that speaks for itself. Defendants deny the remaining allegations in Paragraph 101.

102. Defendants admit that Paragraph 102 purports to refer to publicly available WordPress source code, which speaks for itself. Defendants deny the remaining allegations in Paragraph 102.

103. Defendants lack information sufficient to admit or deny the allegations in Paragraph 103 concerning the number, identity, or ownership of websites owned or operated by Plaintiffs or their businesses. Defendants deny the remaining allegations in Paragraph 103.

104. Defendants lack information sufficient to admit or deny the allegations in Paragraph 104.

105. Defendants admit that Paragraph 105 purports to quote a public post, which speaks for itself. Defendants deny the remaining allegations in Paragraph 105.

106. Defendants admit that Paragraph 106 purports to refer to and quote a webpage that speaks for itself. Defendants deny the remaining allegations in Paragraph 106.

107. Defendants admit that Paragraph 107 purports to refer to and quote a webpage that speaks for itself. Defendants deny the remaining allegations in Paragraph 107.

108. Defendants admit that Paragraph 108 purports to refer to and quote a webpage that speaks for itself. Defendants deny the remaining allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants admit that the last sentence of Paragraph 111 purports to quote a webpage that speaks for itself. Defendants deny the remaining allegations in Paragraph 111.

112. Defendants admit that Automattic personnel attempted to contact potential customers, including in October 2024 and into November. Defendants admit that Paragraph 112 purports to refer to a document that speaks for itself. To the extent the allegations in Paragraph 112 are conclusions of law, no response is required. Defendants deny the remaining allegations in Paragraph 112. Defendants deny that this case may proceed as a class action.

113. The allegations in the first sentence of Paragraph 113 contain conclusions of law for which no response is required. Defendants admit that Paragraph 113 refers to a document that speaks for itself. Defendants deny the remaining allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Paragraph 115 contains conclusions of law for which no response is required. Defendants deny the remaining allegations in Paragraph 115, including subparts (a)–(f).

116. Defendants deny the allegations in Paragraph 116.

113. Paragraph 113 sets forth Plaintiffs' proposed class definition and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 113 and deny that this case may proceed as a class action.

114. The allegations in Paragraph 114 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny that this case may proceed as a class action.

115. The allegations in Paragraph 115 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny that this case may proceed as a class action.

116. Defendants admit that Paragraph 116 purports to refer to a webpage that speaks for itself. The remaining allegations in Paragraph 116 are conclusions of law to which no responsive pleading is required. Defendants deny that this case may proceed as a class action. To the extent a further response is required, Defendants deny those allegations.

117. The allegations in Paragraph 117 are conclusions of law to which no responsive pleading is required. Defendants deny that this case may proceed as a class action. To the extent a response is required, Defendants deny those allegations.

118. The allegations in Paragraph 118 are conclusions of law to which no responsive pleading is required. Defendants deny that this case may proceed as a class action. To the extent a response is required, Defendants deny those allegations.

119. The allegations in Paragraph 119 are conclusions of law to which no responsive pleading is required. Defendants deny that this case may proceed as a class action. To the extent a response is required, Defendants deny those allegations.

120. The allegations in Paragraph 120 are conclusions of law to which no responsive pleading is required. Defendants deny that this case may proceed as a class action. To the extent a response is required, Defendants deny those allegations.

121. The allegations in Paragraph 121 are conclusions of law to which no responsive pleading is required. Defendants deny that this case may proceed as a class action or that Plaintiffs or the putative class are entitled to any relief. To the extent a response is required, Defendants deny those allegations.

122. Defendants reiterate their responses to each and every allegation of this SAC as if fully set forth herein.

123. The allegations in Paragraph 123 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny that this case may proceed as a class action.

124. The allegations in Paragraph 124 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny that this case may proceed as a class action.

125. The allegations in Paragraph 125 are conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny that this case may proceed as a class action.

126. Defendants lack information sufficient to admit or deny the allegations in Paragraph 126.

127. Paragraph 127 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny that this case may proceed as a class action.

128. Paragraph 128 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendants deny those allegations. Defendants deny that this case may proceed as a class action.

129. Defendants reiterate their responses to each and every allegation of this SAC as if fully set forth herein.

130. Paragraph 130 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

131. Paragraph 131 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

132. Paragraph 132 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

133. Paragraph 133 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

134. Paragraph 134 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

135. Paragraph 135 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

136. Paragraph 136 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

137. Paragraph 137 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

138. Paragraph 138 contains allegations concerning claims that have been dismissed, and no responsive pleading is required.

139. Defendants reiterate their responses to each and every allegation of this SAC as if fully set forth herein.

140. Paragraph 140 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is required. *See* ECF 75 at 8–9. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141. Paragraph 141 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is required. *See* ECF 75 at 8–9. To the extent a response is required, Paragraph 141 contains conclusions of law for which no response is required, Defendants deny that this case may proceed as a class action, and Defendants otherwise deny the allegations in Paragraph 141.

142. Paragraph 142 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and no responsive pleading is required. *See* ECF 75 at 8–9. Paragraph 142 contains conclusions of law for which no response is required, to the extent a response is required, Defendants deny that this case may proceed as a class action, and Defendants otherwise deny the allegations in Paragraph 142.

143. Paragraph 143 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is

required. *See* ECF 75 at 8–9. To the extent a response is required, Paragraph 143 contains conclusions of law for which no response is required, Defendants deny that this case may proceed as a class action, and Defendants otherwise deny the allegations in Paragraph 143.

144. Paragraph 144 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is required. *See* ECF 75 at 8–9. To the extent a response is required, Paragraph 144 contains conclusions of law for which no response is required, Defendants deny that this case may proceed as a class action, and Defendants otherwise deny the allegations in Paragraph 144.

145. Paragraph 145 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is required. *See* ECF 75 at 8–9. To the extent a response is required, Defendants deny that this case may proceed as a class action, and Defendants deny the allegations in Paragraph 145.

146. Paragraph 146 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is required. *See* ECF 75 at 8–9. To the extent a response is required, Paragraph 146 contains conclusions of law for which no response is required, Defendants deny that this case may proceed as a class action, and Defendants otherwise deny the allegations in Paragraph 146.

147. Paragraph 147 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is required. *See* ECF 75 at 8–9. To the extent a response is required, Paragraph 147 contains conclusions of law for which no response is required, Defendants deny that this case may proceed as a class action, and Defendants otherwise deny the allegations in Paragraph 147.

148. Paragraph 148 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is required. *See* ECF 75 at 8–9. To the extent a response is required, Paragraph 148 contains conclusions of law for which no response is required, Defendants deny that this case may proceed as a class action, and Defendants otherwise deny the allegations in Paragraph 148.

149. Paragraph 149 contains allegations in support of a claim that the Court has dismissed and for which the Court has dismissed all relief sought, and therefore no responsive pleading is required. *See* ECF 75 at 8–9. To the extent a response is required, Paragraph 149 contains conclusions of law for which no response is required, and Defendants otherwise deny the allegations in Paragraph 149.

## PRAYER FOR RELIEF

A. Defendants deny that Plaintiffs or any putative class member is entitled to the relief requested in Paragraph A. Defendants deny that this case may proceed as a class action.

B. Paragraph B seeks relief for which the Court has determined Plaintiffs lack standing to seek. Defendants deny that Plaintiffs or any putative class member is entitled to the relief requested in Paragraph B. Defendants deny that this case may proceed as a class action.

C. Defendants deny that Plaintiffs or any putative class member is entitled to the relief requested in Paragraph C.

D. Defendants deny that Plaintiffs or any putative class member is entitled to the relief requested in Paragraph D.

E. Paragraph E seeks relief for which the Court has determined Plaintiffs lack standing to seek based on a claim that has been dismissed. Defendants deny that Plaintiffs or any putative class member is entitled to the relief requested in Paragraph E.

F. Defendants deny that Plaintiffs or any putative class member is entitled to the relief requested in Paragraph F. Defendants deny that this case may proceed as a class action.

G. Defendants deny that Plaintiffs or any putative class member is entitled to the relief requested in Paragraph G.

H. Defendants deny that Plaintiffs or any putative class member is entitled to the relief requested in Paragraph H.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all claims in this action so triable.

**ADDITIONAL DEFENSES**

Defendants expressly preserve all available defenses, including Plaintiffs' and the putative class members' failure to state a claim upon which relief can be granted.

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation, or prejudice, also assert the following additional defenses, without assuming the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiffs. It is not necessary at this time for Defendants to delineate defenses against the putative class because no class has been certified, and the putative class members are not parties to this litigation.

**FIRST SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs and the putative class members have caused, contributed to, and/or failed to mitigate any losses they claim. The SAC concedes that workarounds existed, that Defendants temporarily restored WP Engine's access to WordPress.org, and that WP Engine mirrored substantial portions of the WordPress central repository. To the extent Plaintiffs or any putative class member incurred costs or losses, those costs and losses resulted from their own choices and their failure to take reasonable steps to avoid or reduce any claimed harm.

**SECOND SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' and the putative class members' alleged damages, if any, are the result of their own conduct or the conduct of others beyond Defendants' control and for whom Defendants are not legally responsible, including, but not limited to, the conduct of Plaintiffs' customers and potential customers that have elected not to use Plaintiffs' services as a result of Plaintiffs' own actions and business practices or because they believe a different provider than WP Engine has a better offering for that respective customer.

**THIRD SEPARATE AND ADDITIONAL DEFENSE:** To the extent that Plaintiffs and the putative class members seek to collect compensatory damages, penalties, punitive damages, attorneys' fees and expenses, an award of statutory damages far in excess of actual damages and other monetary relief from Defendants, Plaintiffs seek a recovery that is so grossly excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and would constitute an unconstitutional excessive fine.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Defendants acted unilaterally, in furtherance of Automattic's independent business interests.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs and the putative class members are barred from recovery because Defendants' actions were, in whole or in part, lawful and justifiable conduct undertaken to enforce their rights.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' and the putative class members' claims for relief are barred, in whole or in part, because Defendants' actions were done in good faith and/or justified by legitimate business purposes. Defendants acted to protect the security of the WordPress platform, to promote competition, and to promote the health of the open-source community, all of which are legitimate business purposes that have greater social value than ensuring the stability of Plaintiffs' alleged contractual relations.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' and the putative class members' claims for relief are barred, in whole or in part, by the litigation privilege of California Civil Code Section 47(b) to the extent they are premised on actions or communications made in or related to judicial proceedings.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs lack standing under Article III of the United States Constitution to bring the claims at issue because, among other reasons, Plaintiffs did not suffer any injury-in-fact that was concrete and particularized, and actual or imminent, and because Plaintiffs cannot show any real or immediate threat of any future injury.

**NINTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the damages alleged in the SAC, if any, were caused by persons and entities other than Defendants. Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, by Plaintiffs and the putative class members against Defendants.

**TENTH SEPARATE AND ADDITIONAL DEFENSE:** Statutory damages should not be awarded or should otherwise be limited to the extent imposition of such damages would violate the

Fifth, Eighth, or Fourteenth Amendments of the United States Constitution, Article 1 of the California Constitution, section 3294 of the California Civil Code, or any other provision of law.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' SAC and the alleged claims in it are barred, in whole or in part, because the damages sought by Plaintiffs and the putative class are speculative, remote, and impossible to ascertain.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' SAC and the alleged claims in it are barred, in whole or in part, because Plaintiffs and the putative class members have not sustained any injury, harm, and/or damage as a result of any actions allegedly taken by Defendants and are thus barred from asserting any claims against, and/or obtaining relief from, Defendants.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' SAC and the alleged claims in it are barred, in whole or in part, because the damages alleged to have been suffered are not compensable under the law.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Plaintiffs and the putative class members have enjoyed the full benefit of their alleged bargain with WP Engine.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' SAC and the alleged claims in it are barred, in whole or in part, because Plaintiffs and members of the putative class proceeded with knowledge and/or awareness of the occurrences that form the bases of their claims as alleged in the SAC.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' request for attorneys' fees and costs in this matter is barred because it lacks any basis in law or contract.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' SAC and each purported cause of action in it are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, unclean hands, in pari delicto, and/or inequitable conduct.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the putative class representatives are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues and liability and damages cannot be proven on a classwide basis,

the putative class representative will not adequately represent the purported class, the putative class is not ascertainable, the proposed class action would not be manageable, and a class action is not a superior method for adjudicating the purported claims set forth in Plaintiffs' SAC.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs may not maintain this lawsuit as a class action because doing so would deprive Defendants of their right to assert individualized defenses against putative class members' claims in violation of the Rules Enabling Act, which provides that the Federal Rules shall not modify or abridge any substantive right of a litigant.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' SAC and the alleged claims in it are barred, in whole or in part, because any recovery by Plaintiffs would constitute unjust enrichment of Plaintiffs. In particular, Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, to the extent that Plaintiffs have received the benefit of any discounts or sales.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' claims and the claims of the putative class are barred, in whole or in part, because any alleged damages incurred by Plaintiffs or the putative class are due, in whole or in part, to their own actions, inaction, negligence, fault, or lack of diligence.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE:** Any attempt to require Defendants to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs' SAC and the alleged claims in it are barred, in whole or in part, by the First Amendment of the United States Constitution.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE:** Defendants have insufficient knowledge or information upon which to form a basis as to whether they may have additional, as yet unstated, separate defenses available. Defendants have not knowingly or intentionally waived any applicable affirmative or additional defenses and reserve the right to raise additional defenses as they become known to Defendants through discovery in this matter. Defendants further

reserve the right to amend their answer and/or additional defenses accordingly and/or to delete affirmative or additional defenses that they determine are not applicable during the course of subsequent discovery.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE:** The claims of Plaintiffs and the alleged putative class are barred to the extent they are subject to valid and binding arbitration agreements. Defendants hereby reserve, and do not waive, their right to arbitrate under any such agreement.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE:** Plaintiffs and the putative class are barred from maintaining, joining, or participating in any class, collective, or representative action against Defendants.

## PRAYER

WHEREFORE, having answered Plaintiffs' SAC in its entirety, Defendants pray for judgment as set forth below.

1. An order dismissing the claims with prejudice;
2. An order awarding costs to Defendants; and
3. Any such other and further relief as the Court deems proper.

Dated: September 9, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Andrew M. Kasabian*
Andrew M. Kasabian

*Attorneys for Defendants Automattic Inc. and Matthew Charles Mullenweg*