Sabita J. Soneji (CA Bar No. 224262)
ssoneji@tzlegal.com
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

Amber L. Schubert (S.B.N. 278696)
aschubert@awkolawllp.com
**AWKO LAW LLP**
2193 Fillmore Street
San Francisco, CA 94115
Telephone: 850-202-1010

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN KELLER and SHARON SCHANZER, individually and on behalf of their businesses, KELLER HOLDINGS LLC (d/b/a SecureSight) and RLDGROUP, and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., a Delaware corporation; and MATTHEW CHARLES MULLENWEG, an individual,<br>Defendant. | Case No. 4:25-CV-01892-AMO<br><br>CLASS ACTION<br><br>**DECLARATION OF AMBER L. SCHUBERT IN SUPPORT OF STIPULATED REQUEST FOR ORDER STAYING ALL CASE DEADLINES PENDING MEDIATION**<br><br>Judge: Hon. Araceli Martinez-Olguín |

I, Amber L. Schubert, declare as follows:

1. I am a member in good standing of the California Bar and am admitted to practice before this Court. I am a partner in the law firm of AWKO Law LLP and am counsel of record for Plaintiffs in this action. I submit this declaration in compliance with Civil Local Rule 6–2(a) in support of the Stipulated Request for Order Staying All Case Deadlines Pending Mediation (the "Stipulation") entered into by Plaintiffs Ryan Keller and Sharon Schanzer ("Plaintiffs") and Defendants Automattic Inc. and Matthew Charles Mullenweg ("Defendants") (together, the

"Parties"). Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently to these facts.

2. The Parties request that all case deadlines be stayed in this case for the following reasons:

3. New counsel appeared on behalf of Defendant Automattic Inc. on October 14, 2026 (Dkts. 85-87, 92), and new counsel appeared on behalf of Defendant Matthew Charles Mullenweg on October 23, 2026 (Dkts. 95-99), the same date on which prior counsel withdrew (Dkts. 100-104). Plaintiffs and new counsel for Defendants have been working cooperatively and have agreed that it is in the interests of all parties to attempt to resolve this action through mediation.

4. The parties have selected the Honorable Gary A. Feess, a retired United States District Judge who served in the Central District of California and is currently affiliated with Phillips ADR Enterprises, to serve as mediator.

5. The parties have scheduled an in-person mediation for December 3, 2026.

6. The parties believe that a stay of all case deadlines pending the outcome of mediation will facilitate their efforts to resolve this action, conserve judicial and party resources, and avoid unnecessary litigation activity while the parties pursue settlement.

7. The previous time modifications in this case are as follows:

a. On July 9, 2025, on the Parties' stipulation, the Court entered an order setting deadlines for briefing, expert reports, and discovery regarding Plaintiffs' Motion for Class Certification and the Parties' contemplated Daubert motions (Dkt. 39).

b. On December 23, 2025, on the Parties' stipulation, the Court extended the case schedule through class certification by approximately four months and set a briefing schedule for Plaintiffs' Second Amended Complaint and any motion to dismiss it (Dkt. 54).

c. On April 30, 2026, on the Parties' stipulation, the Court extended the case schedule through class certification by approximately three months (Dkt. 67).

d. On May 11, 2026, the Court *sua sponte* continued the hearing on Defendants'

Motion to Dismiss Plaintiffs' Second Amended Complaint from June 4, 2026 to June 18, 2026 (Dkt. 68).

e. On June 3, 2026, on the Parties' stipulation, the Court continued the hearing on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint to July 30, 2026 (Dkt. 71).

f. On July 24, 2026, on the Parties' stipulation, the Court extended the case schedule through class certification by approximately two months (Dkt. 73).

g. On October 15, 2026, on the Parties' stipulation explaining that new counsel would be substituting into this case for Defendants imminently and thus good cause existed for a short extension to allow new counsel to familiarize themselves with the case and the record (Dkt. 83), the Court entered an order extending the case deadlines by approximately one month (Dkt. 91).

8. The Parties have agreed to provide the Court with a joint status report regarding the outcome of mediation on or before December 10, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Larkspur, California on November 2, 2026.

*/s/ Amber L. Schubert*